MOODY
v.
PAYNE.

Moody *against* A. and H. Payne.

*January* 20. Where the rule to show cause why publication should not pass, has been en= *larged by an order* for that purpose, at the instance of the defendants, and *that order* has expired, publication may pass without entering a further rule with the register, as is the practice, in ordinary cases, on the expiration of the rule to show cause.

If, after publication has so passed, the substance of the testimony taken on a material point, upon which further testimony is sought, has been disclosed to the defendant, it is too late to move to open or enlarge the rule, on affida- vit.

MOTION to enlarge the publication; 1. Because no order to pass publication had been entered;

2. On affidavits, that a material witness resided at *De- troit*, and that the defendants had not taken out a commis- sion in season, for the reasons detailed in the affidavits.

The motion was opposed on the ground, 1. That after witnesses had been duly examined on the part of the plain- tiff, a rule to show cause why publication should not pass had been entered and had expired : and that before its ex- piration, publication had been enlarged, on the application of the defendants, to a period also expired, and publica- tion had since been made;

2. On affidavits, denying the merits of the application, and that the defendants had no just cause or excuse for their delay..

*Henry*, for the motion.

*Van Buren*, (Attorney General,) *contra*. He cited *Wyatt's P. R.* 355. 2 *Johns. Ch. Rep.* 432.

The Chancellor said, that after the rule to show cause why publication should not pass, had expired, the regular practice would have been to have entered a rule with the

register, that publication pass, and so the practice was understood in *Brown* v. *Ricketts.*\* But this case formed an exception to that practice. After the rule was given to pass publication, and before it had expired, the same was *enlarged by order ;* and when the time limited by the order expired, publication passed, in consequence of that order, and without the necessity of a further rule. Such is the practice laid down in the books, and which must prevail, in the absence of any special provision, or any settled course of practice to the contrary. (*Wyatt's P. R.* 355. 1 *Harr. Ch. Prac.* 448.)

The plaintiff was regular in the course he pursued, and the motion fails upon the merits. The facts suggested as an excuse for the defendants' delay are contradicted, and they are left without any excuse. It also appeared, that the substance of the testimony taken on a material point, upon which further testimony is sought, had been disclosed to the defendants, at their request. The doctrine in *Hamersly* v. *Lambert,* (2 *Johns. Ch. Rep.* 432.) as to opening and enlarging publication, applies to the case.

Motion denied.